FRANK CROOKE, APPELLANT, *v.* FRANCIS ANDERSON, RESPONDENT.

*Obstruction of the sidewalk by fences and stoops—when the owner of a neighboring lot may maintain an action for their removal.*

Where the owner of a lot fronting upon a street in a city, erects a stoop and fence in front thereof so as to reduce the space left for public travel upon the sidewalk from nineteen to eight feet, an owner of a lot fronting on the same street, and distant about one hundred feet from the obstruction so created, may maintain an action to have the same abated as a nuisance.

APPEAL from a judgment in favor of the defendant, entered upon the dismissal of the complaint at Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to abate an alleged nuisance, consisting of a stoop and fence erected by the defendant in front of a lot owned by him in the city of Brooklyn, situated on the northwest

corner of Washington avenue and Malbone street, and of a stoop in front of a lot owned by him on the east side of Washington avenue just north of Malbone street. The plaintiff owned two lots on the east side of Washington avenue, the one twenty-six feet eight inches and the other about eighty feet north of the defendant's lot, and a lot on the west side of Washington avenue, distant about one hundred and six feet north of the defendant's lots. The situation of the defendant's lots and the nature of the obstruction created by them appear from the accompanying diagram.

*Frank Crooke*, for the appellant.

*John H. Kemble*, for the respondent.

BARNARD, P. J.:

I think the judge erred in dismissing the complaint in this action. The plaintiff is the owner of land on Washington avenue, Brooklyn The defendant is also an owner of land on the same avenue. The defendant has carried his fence into Washington avenue and his stoop, so that it leaves but eight feet for public travel instead of nineteen feet, as it is laid out to have. The fence erected compels persons who cross Malbone street cross-walk to the northwest corner of Washington avenue to go around this fence instead of keeping directly up Washington avenue. The access to plaintiff's property is thus peculiarly affected by this obstruction. The law is so well settled, that it needs no authority to be cited, that any person who is peculiarly injured by a public nuisance, may have his remedy in equity to abate the nuisance. The extent of this peculiar injury is not of the slightest consequence so far as the right of action is concerned. I think a fence, which compels the plaintiff to go around it in order to go to and from his premises situated one hundred and six feet from it, sufficient to give the right of action. The judgment should be reversed and a new trial granted, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.